IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| KENNETH E. WOOD, JR., | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Civ. No. 14-476-SLR |
| DEPARTMENT OF CORRECTION, et al., | ) |
| Defendants. | ) |

**MEMORANDUM**

1. **Introduction.** Plaintiff Kenneth E. Wood ("plaintiff"), an inmate at the Howard R. Young Correctional Institution, Wilmington, Delaware, proceeds pro se and has been granted in forma pauperis status. He filed this complaint pursuant to 42 U.S.C. § 1983 claiming violations of his constitutional rights.[1] (D.I. 3)

2. **Standard of Review.** This court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008);

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

*Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. See Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." Iqbal, 556 U.S. at 678. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

6. **Discussion.** According to plaintiff, he was charged with two counts of rape in the third degree. A condition of his sentence provides that he was to have no contact with the victim or the victim's family and no contact with anyone under the age of 18. Plaintiff began a level four work-release sentence on May 24, 2012 at defendant Morris Community Correction Center ("MCCC")[2] in Dover, Delaware. During the latter part of June 2012, Brad ("Brad"), an uncle of plaintiff's victim, was moved onto the C-tier where plaintiff was housed. Plaintiff immediately notified defendant Shift Sergeant John Doe

---

[2]Improperly named Morris Correctional Institution.

("Sgt. Doe") that a "no contact" order precluded him from having any contact with his victim or the victim's family. Sgt. Doe did nothing and left both parties on C-tier. On July 8, 2012, plaintiff was accosted by two individuals. One person called plaintiff a child molester and the other stated, "this is from Brad." The inmates hit plaintiff in the face with a lock and stomped on his ankle and left foot.

7. Plaintiff received treatment at the prison infirmary and was transferred to Kent General Hospital. He ultimately underwent an open reduction on his left foot and, on July 20, 2012, was transferred from the VCC to defendant Sussex Work Release Center ("SWR")[3] in Georgetown, Delaware. Plaintiff arrived on crutches and with orders from Dr. DuShuttle to undergo physical therapy for his foot. Plaintiff was not provided with physical therapy and was cleared by the SWR medical department. Plaintiff underwent a second surgery on August 11, 2012 to have pins removed from his left foot. Dr. DuShuttle informed plaintiff that his foot will never be the same. Plaintiff returned to the SWR infirmary and 24 hours later, was transferred to the work release unit. Plaintiff found employment and was continually threatened with termination due to his condition.

8. Plaintiff alleges that the negligence and malfeasance of the defendant Delaware Department of Correction ("DOC") caused him permanent injury. He also alleges that he informed Sgt. Doe of the no contact order, and it was the obligation of the DOC to perform due diligence and not place offenders who are forbidden to have contact with each other on the same housing unit. In addition, plaintiff names as

---

[3]The SWR is a component of the Sussex Community Corrections Center. *See* http://www.doc.delaware.gov/BOCC/BOCC_CCC_sussex.shtml (Aug. 14, 2014).

4

defendants the MCCC warden ("MCCC warden")[4] and Attorney General of the State of Delaware Joseph R. Biden, III ("Biden"). Plaintiff seeks compensatory and punitive damages.

9. **Negligence**. Plaintiff alleges defendants were negligent in this matter and this is the direct cause of his permanent injury. Prison authorities' mere negligence in and of itself does not violate prisoners' constitutional rights. See Daniels v. Williams, 474 U.S. 327, 330-30 (1986)); see also Walker v. Reed, 104 F.3d 156, 158 (8th Cir. 1997) (holding that prison officials' simple negligence does not amount to violation of the Eighth Amendment prohibition against cruel and unusual punishment for inhuman conditions of confinement). Consequently, plaintiff's claims that rest solely upon negligence will be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

10. **Failure to Protect**. Plaintiff also appears to allege that defendants failed to protect him from harm. To prevail on an Eighth Amendment failure to protect claim, a plaintiff is required to show that: (1) he is incarcerated under conditions posing a substantial risk of serious harm; and (2) prison officials acted with deliberate indifference (i.e., that prison officials knew of and disregarded an excessive risk to inmate health or safety). See Farmer v. Brennan, 511 U.S. 825, 833-34 (1994); see also Griffin v. DeRosa, 153 F. App'x 851 (3d Cir. 2005) (unpublished). Liberally construing the complaint as the court must, plaintiff has alleged a failure to protect claim

---

[4] Jim Hutchins is the current warden at MCCC.

against Sgt. Doe. He will be allowed to proceed against Sgt. Doe on the failure to protect claim.

11. **Immunity.** Plaintiff names as defendants the DOC, MCCC, and SWR. "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). The MCCC and SWR fall under the umbrella of the DOC, an agency of the State of Delaware. The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the kind of relief sought. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Moreover, state correctional institutions are arms of the state and are not persons subject to liability under § 1983. *See Green v. Howard R. Young Corr. Inst.*, 229 F.R.D. 99, 102 (D. Del. 2005). The State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. *See Ospina v. Department of Corr.*, 749 F. Supp. 572, 579 (D. Del. 1991).

12. The DOC (an agency of the State of Delaware) and the MCCC and SWR (which fall under the umbrella of the DOC) are entitled to immunity under the Eleventh Amendment. The claims against the DOC, MCCC and SWR fail are they are immune from suit. They will be dismissed as defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and § 1915A(b)(2).

13. **Respondeat Superior.** The MCCC warden and Biden appear to be named as defendants based upon their supervisory positions. The Third Circuit has reiterated that a § 1983 claim cannot be premised upon a theory of respondeat superior and that, in order to establish liability for deprivation of a constitutional right, a party must show

6

personal involvement by each defendant. *Brito v. United States Dep't of Justice*, 392 F. App'x 11, 14 (3d Cir. 2010) (unpublished) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998)). Personal involvement is an essential element of a civil rights action. *Sutton v. Rasheed*, 323 F.3d 236, 249-250 (3d Cir. 2003). Individual liability can only be imposed if the state actor played an "affirmative part" in the conduct complained of. *Chinchello v. Fenton*, 805 F.2d 126, 133 (3d Cir. 1986). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence" in the challenged practice. *Argueta v. United States Immigration and Customs Enforcement*, 643 F.3d 60, 72 (3d Cir. 2011) (quoting *Rode*, 845 F.2d at 1207). "In a § 1983 suit . . . masters do not answer for the torts of their servants." *Iqbal*, 556 U.S. at 676-77. The mere assertion "that the constitutionally cognizable injury would not have occurred if the superior had done more than he or she did" is insufficient to establish liability. *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d cir. 1989).

14. The complaint contains no allegations directed towards the MCCC warden or Biden. The only mention of them is to list them as defendants. For the above reasons, the court finds that the claims against the MCCC warden and Biden are frivolous. However, sua sponte dismissal of the MCCC warden would make it very difficult or impossible for plaintiff to discover the identity of defendant Sgt. Doe. Therefore, in the interests of justice, the court will direct service upon the MCCC warden for identification purposes of Sgt. Doe, discussed hereinabove at paragraph eleven. *See Borges v. Administrator for Strong Mem'l Hosp.*, 2002 WL 31194558, at *1 n.1 (W.D.N.Y. Sept. 30, 2002). *See also Searcy v. Dallas Police Dep't*, 2001 WL

611169 (N.D. Tex. May 31, 2001) (plaintiff sued two unnamed City of Dallas police officers, claiming excessive force, and magistrate judge ordered that service be completed on the defendants through the City of Dallas Police Department). The court will dismiss the claims against Biden pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

15. **Request for counsel.** Plaintiff seeks counsel on the grounds that he is unable to afford counsel, his imprisonment greatly limits his ability to litigate, the issues are complex and will require significant research and investigation, he has limited law library access, limited knowledge of the law, limited education, the case will likely involve conflicting testimony, counsel will better enable plaintiff to present evidence and cross-examine witnesses, he does not have contact information to seek retained counsel, and counsel would assist in discovery. (See D.I. 6)

16. A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel.[5] See Brightwell v. Lehman, 637 F.3d 187, 192 (3d Cir. 2011); Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. Tabron, 6 F.3d at 155. After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

(1) the plaintiff's ability to present his or her own case;

---

[5] See Mallard v. United States Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.".

8

(2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses.

*Tabron*, 6 F.3d at 155-57; *accord Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997); *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).

17. At present, plaintiff's filings indicate that he possesses the ability to adequately pursue his claims. Upon consideration of the record, the court is not persuaded that representation by an attorney is warranted at this time. The court can address the issue at a later date should counsel become necessary. Therefore, the court will deny the request without prejudice to renew.

18. **Conclusion.** For the above reasons, the court will deny without prejudice to renew plaintiff's request for counsel. (D.I. 6) Plaintiff may to proceed with the failure to protect claim against Sgt. Doe, and the court will direct service upon the MCCC warden for purposes of identifying Sft. Doe. The remaining claims and defendants will be dismissed as certain defendants are immune from suit and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii) and § 1915A(b)(1) and (2). A separate order shall issue.

_____
UNITED STATES DISTRICT JUDGE

Date: August 26, 2014