IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH E. WOOD, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 14-476-SLR |
| WARDEN JIM HUTCHINS, et al., | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM**

1. **Introduction.** Plaintiff Kenneth E. Wood ("plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, proceeds pro se and has been granted in forma pauperis status. He filed this action pursuant to 42 U.S.C. § 1983 claiming violations of his constitutional rights[1] and he also raises supplemental State claims. (D.I. 19) An amended complaint was filed on March 2, 2015.

2. **Standard of Review.** This court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008);

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

*Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); see, e.g., *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

2

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

6. **Discussion**. On March 19, 2008, plaintiff was arrested and later pled guilty to two counts of rape in the third degree. As a condition of his sentence, he is to have no contact with the victim or the victim's family and no contact with anyone under the age of 18. Plaintiff began a level four work-release sentence on May 24, 2012 at the Morris Community Correction Center ("MCCC") in Dover, Delaware. During the latter part of June 2012, the uncle of plaintiff's victim was moved onto the C-tier where plaintiff was housed. Plaintiff immediately notified defendant Shift Sergeant Russell ("Russell") that a "no contact" order prohibited him from having any contact with his

3

victim or the victim's family. Plaintiff alleges that Russell knew there was a high chance of conflict and told plaintiff, "don't worry about it, it'll be alright." Russell did nothing and left both parties on C-tier. On July 8, 2012, plaintiff was jumped by two inmates. One inmate called plaintiff a child molester and the other stated, "this is from Brad."[2] The inmates hit plaintiff in the face with a lock and stomped on his ankle and left foot. Plaintiff alleges that had Russell followed well-known policies of moving inmates when notified of a potential danger or had defendant shift commander Lt. Flint ("Flint") followed those policies, he would not have been injured.

7. Plaintiff received treatment at the prison infirmary and was transferred to defendant Kent General Hospital ("Kent General Hospital") for x-rays. Plaintiff alleges that he was returned to the MCCC because defendant Correct Care Solutions ("CCS") would not approve immediate medical attention and treatment even though it was obvious it was needed. Plaintiff was placed in isolation without proper medical care or equipment to keep his foot and ankle elevated and stable. He alleges that defendant MCCC warden Jim Hutchins ("Hutchins") is responsible for the welfare of inmates at the MCCC, was notified of the incident, but chose to allow plaintiff to remain in the isolation cell for the five days it took to get approval for treatment instead of transferring him to the VCC infirmary. In addition, plaintiff alleges that defendant MCCC medical director Doe #1 ("Doe #1") failed to order his transfer to the infirmary. Plaintiff alleges that defendant Carl Danberg ("Danberg"), former Commissioner of the Delaware

---

[2]The original complaint identifies Brad as the uncle of plaintiff's victim. (D.I. 3)

4

Department of Correction ("DOC"), and Doe #1 failed to have in place a working policy for quick and proper medical treatment.

8. On July 13, 2012, plaintiff was taken to Delsurgical for surgery. Defendant Dr. DuShuttle ("DuShuttle") performed a closed reduction of the second, third, and fourth metatarsals of the left foot. Plaintiff was taken to the VCC infirmary following surgery with post-operative instructions from Dr. DuShuttle that plaintiff alleges CCS staff did not follow. On July 20, 2012, plaintiff was transferred from the VCC to defendant Sussex Work Release Center ("SWR")[3] in Georgetown, Delaware. Plaintiff arrived on crutches and was housed on the first floor. Plaintiff was seen by Dr. DuShuttle on July 26, 2012, with orders to remain off his foot. Plaintiff requested that he be cleared by medical so that he could go job seeking, because if he could not, he would be returned to Level 5 custody. CCS staff cleared plaintiff. Plaintiff alleges that defendant Sussex Correctional Institution ("SCI") medical director John/Jane Doe #2 ("Doe #2") violated his constitutional rights when plaintiff was medically cleared because it was contraindicated by Dr. DuShuttle's orders.

9. On August 20, 2012, plaintiff underwent a second surgery to have pins removed from his left foot. Plaintiff alleges that Dr. DuShuttle performed the surgery in such a manner that plaintiff has "bad pain" when he walks because it feels like his skin is tearing. Dr. DuShuttle informed plaintiff that his foot will never be the same and will worsen with time. Dr. DuShuttle ordered physical therapy for the foot. Plaintiff returned to the SCI infirmary and, 24 hours later, was transferred to the work release unit.

---

[3]The SWR is a component of the Sussex Community Corrections Center. See http://www.doc.delaware.gov/BOCC/BOCC_CCC_sussex.shtml (Aug. 14, 2014).

5

Plaintiff alleges that Doe #2 and CCS staff did not provide the physical therapy ordered by Dr. DuShuttle because CCS did not feel that plaintiff needed it. Plaintiff found employment doing light work.

10. **Respondeat Superior**. Plaintiff sues Danberg and Hutchins based upon their supervisory positions. The Third Circuit has reiterated that a § 1983 claim cannot be premised upon a theory of respondeat superior and that, in order to establish liability for deprivation of a constitutional right, a party must show personal involvement by each defendant. *Brito v. United States Dep't of Justice*, 392 F. App'x 11, 14 (3d Cir. 2010) (unpublished) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998)). Personal involvement is an essential element of a civil rights action. *Sutton v. Rasheed*, 323 F.3d 236, 249-250 (3d Cir. 2003). Individual liability can only be imposed if the state actor played an "affirmative part" in the conduct complained of. *Chinchello v. Fenton*, 805 F.2d 126, 133 (3d Cir. 1986). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence" in the challenged practice. *Argueta v. United States Immigration and Customs Enforcement*, 643 F.3d 60, 72 (3d Cir. 2011) (quoting *Rode*, 845 F.2d at 1207). "In a § 1983 suit . . . masters do not answer for the torts of their servants." *Iqbal*, 556 U.S. at 676-77. The mere assertion "that the constitutionally cognizable injury would not have occurred if the superior had done more than he or she did" is insufficient to establish liability. *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d cir. 1989).

11. Prison administrators cannot be deliberately indifferent "simply because they failed to respond directly to the medical complaints of a prisoner who was already being

6

treated by the prison doctor." *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993). The Third Circuit has clarified that "[i]f a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004) (discussing *Durmer*, 991 F.2d at 69). "[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Id.* at 236. For the above reasons, the court finds that the claims against the Danberg and Hutchins are legally frivolous. The court will dismiss the claims against them pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

12. **State actors**. Plaintiff names as defendants Kent General Hospital and Dr. DuShuttle.[4] To state a claim under 42 U.S.C. §1983, a plaintiff must allege "the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)). To act under "color of state law" a defendant must be "clothed with the authority of state law." *West*, 487 U.S. at 49. Kent General Hospital is a not-for-profit corporation and Dr. DuShuttle is a private physician who provided medical care to plaintiff. These two defendants are not "clothed with the authority of state law." *See*

---

[4] Kent General Hospital falls under the umbrella of Bayhealth, a not-for-profit healthcare system. *See* http://www.bayhealth.org/about-us/about-us-home.

7

*Reichley v. Pennsylvania Dep't of Agric.*, 427 F.3d 236, 244-45 (3d Cir. 2005); *Biener v. Calio*, 361 F.3d 206, 216-17 (3d Cir. 2004). Accordingly, the court will dismiss the § 1983 claims as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

13. **Medical negligence**. Plaintiff alleges that Dr. DuShuttle committed medical negligence when he performed the second surgery. In Delaware, medical malpractice is governed by the Delaware Health Care Negligence Insurance and Litigation Act. 18 Del. C. §§ 6801-6865. When a party alleges medical negligence, Delaware law requires the party to produce an affidavit of merit with expert medical testimony detailing: (1) the applicable standard of care, (2) the alleged deviation from that standard, and (3) the causal link between the deviation and the alleged injury. *Bonesmo v. Nemours Found.*, 253 F. Supp. 2d 801, 804 (D. Del. 2003) (quoting *Green v. Weiner*, 766 A.2d 492, 494-95 (Del. 2001)) (internal quotations omitted); 18 Del. C. § 6853. Because plaintiff alleges medical negligence, at the time he filed the complaint he was required to submit an affidavit of merit as to each defendant signed by an expert witness. 18 Del. C. § 6853(a)(1). The court has reviewed the record and finds that plaintiff failed to accompany the complaint with an affidavit of merit as required by 18 Del. C. § 6853(a)(1). Therefore, the court will dismiss the medical negligence claim raised against Dr. DuShuttle.

14. **Request for counsel**. Plaintiff seeks counsel on the grounds that he is unable to afford counsel, his imprisonment greatly limits his ability to litigate, the issues are complex and will require significant research and investigation, he has limited law library access, limited knowledge of the law, limited education, and counsel would assist in discovery. (*See* D.I. 20)

15. A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel.[5] See Brightwell v. Lehman, 637 F.3d 187, 192 (3d Cir. 2011); Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. Tabron, 6 F.3d at 155. After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and
> (6) whether the case will require testimony from expert witnesses.

Tabron, 6 F.3d at 155-57; accord Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997); Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002).

16. At present, plaintiff's filings indicate that he possesses the ability to adequately pursue his claims. Upon consideration of the record, the court is not persuaded that representation by an attorney is warranted at this time. The court can address the issue at a later date should counsel become necessary. Therefore, the court will deny the request without prejudice to renew.

17. **Conclusion.** For the above reasons, the court will deny without prejudice to renew plaintiff's request for counsel. (D.I. 20) The court will dismiss the claims against

---

[5] See Mallard v. United States Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.".

Jim Hutchins, Carl Danberg, Kent General Hospital, and Dr. DuShuttle as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). Plaintiff will be allowed to proceed against the remaining defendants. Separate orders shall issue.

                                         /s/ Sue L. Robinson
                                         UNITED STATES DISTRICT JUDGE

Date: May 11, 2015